JOURNAL ENTRY and OPINION
{¶ 1} The trial court found appellant, Thomas Wilson ("Wilson"), to be a sexual predator. In 1983, Wilson pled guilty to rape, gross sexual imposition, two counts of corruption of a minor, and sexual battery in case number 180504[1] and, he also pled guilty to two counts of rape and two counts of gross sexual imposition in case number 180773. The trial court sentenced Wilson to a total prison term of three to ten years to run consecutive to a prison term of five to 25 years on both cases.
 {¶ 2} Upon the recommendation of the Ohio Department of Rehabilitation and Corrections, Wilson appeared before the trial court in 2005 for a sexual predator classification hearing. The trial court found him to be a sexual predator and advised him of the registration requirements. Wilson now appeals his sexual predator classification.
 I. {¶ 3} Wilson first argues that the trial court erred in finding him to be a sexual predator without considering the statutory factors pursuant to R.C. 2950.09(B)(3). The record, however, belies Wilson's argument.
 {¶ 4} R.C. 2950.09(B)(3) lists the following factors which the trial court must consider when making a sexual predator determination:
 {¶ 5} "(a) The offender's or delinquent child's age;
 {¶ 6} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 7} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 8} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 9} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 10} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 11} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 12} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 13} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 14} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 15} Here, the trial court considered the factors. Specifically, the trial court noted Wilson's current age of 69, the 10- to 17-year-old age ranges of the victims, the fact that there were at least seven victims, the pattern of the sexual activity for a period of three years, and his diagnosis of pedophilia. See R.C. 2950.09(B)(3)(a), (c), (d), (h), and (i). While the Static-99 test placed Wilson in the low risk category for reoffending, the trial court specifically found it to be "not worthy of as much weight" because the psychiatrist mistakenly believed Wilson committed one sexual offense. Based on the statutory considerations, the trial court properly found Wilson to be a sexual predator. Wilson's first assignment of error is overruled.
 II. {¶ 16} Wilson next argues that the trial court failed to find him a sexual predator by "clear and convincing evidence." In particular, he asserts that the trial court's statement that it "cannot say that he is not a sexual predator" falls short of the "clear and convincing evidence" necessary for a sexual predator determination.
 {¶ 17} When the trial court's statement is taken in context, however, it is patently clear that it was made in reference to Wilson's self-rated low sexual interest and the results of the ABEL test showing he has a penchant for adolescent females. It appears that the trial court was unable to reconcile Wilson's low sexual interest with the results of the ABEL test and concluded that it was impossible to "say that he is not a sexual predator." There is nothing in the record that suggests that the trial court applied a less arduous burden than by "clear and convincing evidence" when it found Wilson to be a sexual predator. Thus, Wilson's second assignment of error is overruled.
 III. {¶ 18} Wilson next argues that the trial court erred in failing to make a finding regarding his status as a potential habitual sexual offender. However, Wilson's argument lacks merit.
 {¶ 19} R.C. 2950.09(E)(1) provides in pertinent part as follows:
 {¶ 20} "If a person is convicted of or pleads guilty to committing, on or after January 1, 1997, a sexually oriented offense that is not a registration-exempt sexually oriented offense, the judge who is to impose sentence on the offender shall determine, prior to sentencing, whether the offender previously has been convicted of or pleaded guilty to, or adjudicated a delinquent child for committing, a sexually oriented offense or a child-victim oriented offense and is a habitual sex offender. * * *" (Emphasis added.)
 {¶ 21} Here, the trial court was not required to make a finding on Wilson's status as a possible habitual sexual offender because he pled guilty to the sexually oriented offenses in 1983, well before the triggering date of the statute, January 1, 1997. Pursuant to R.C. 2950.09(C), Wilson was adjudicated a sexual predator — no other finding was necessary. As a result, Wilson's third assignment of error is overruled.
 IV. {¶ 22} Finally, Wilson argues that the registration requirements for a sexual predator is unconstitutional because it is ex post facto legislation and applies retroactively. However, the Ohio Supreme Court conclusively held in State v. Cook,83 Ohio St.3d 404, 405, 1998-Ohio-291, 700 N.E.2d 570, "R.C. Chapter 2950 is neither impermissibly retroactive nor an ex post facto law." Thus, Wilson's final assignment of error is overruled and the trial court's determination finding that Wilson is a sexual predator is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and George, J.,* Concurs.
[1] It should be noted that the notice of appeal filed by Wilson references only lower court case number 180773. There is no notice of appeal filed under the lower court case number 180504.
* SITTING BY ASSIGNMENT: Judge Joyce J. George, Retired, of the Ninth District Court of Appeals.